IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARNELL W. MOON,

    Plaintiff,

vs.

HENRY RIVAS, *et al.*,

    Defendants.

Case No. 15-cv-00890-JPG-DGW

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion (Doc. 24) to Motion for Reconsideration of Dismissal pursuant to Federal Rule of Civil Procedure 60(b)(1). The defendants filed a timely response (Doc. 27) and Motion to Strike Plaintiff's Objections (Doc. 25) to a Report and Recommendation. There is no pending Report and Recommendation in this matter; therefore, that portion of the defendants' motion is granted and plaintiff's objection (Doc. 25) is stricken.

On April 19th, 2016, the Court dismissed this matter with prejudice for Plaintiff's failure to respond to a show cause order (Doc. 20). The show cause order (Doc. 15) required the plaintiff to respond to defendant's motion to revoke plaintiff's *in forma pauperis* status and also to inform the court why he should not face sanctions for his failure to disclosure his full litigation history in his complaint. Plaintiff's response was due on or before April 8th, 2016, and the plaintiff failed to respond. He now asks the Court for reconsideration stating that he was incarcerated in the St. Genevieve County jail and his legal mail was being sent to his sister. Plaintiff also argues that he did not have the necessary supplies in jail and that his facility was on lockdown for a period of time.

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court, "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table). Furthermore, ignorance of a litigant or attorney is not appropriate grounds for relief under Rule 60(b). *McCormick*, 230 F.3d at 327.

Excusable neglect can include omissions through carelessness and mistake. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997) ("excusable neglect" in Rule 60(b) context) (citing *Matter of Bulic*, 997 F.2d 299, 302 (7th Cir. 1993) (bankruptcy context)); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388-89 (1993) (bankruptcy context). A court should determine whether neglect is excusable by weighing the equities, taking into account all of the relevant circumstances including the danger of prejudice to the opposing party, the length of and reason for the delay, the potential impact on judicial proceedings, and whether the negligent party acted in good faith. *Pioneer*, 507 U.S. at 395; *Matter of Bulic*, 997

F.2d at 302. The court has discretion to determine whether neglect is excusable. *Robb*, 122 F.3d at 361.

In this case, the plaintiff is an experienced *pro se* litigator having filed over 60 federal actions while incarcerated between 2008 and 2014[1]. As noted in the defendants' response, "he filed 20 documents in lawsuits in federal district and appellate courts across the county" while failing to respond to the show case order in this matter. (Doc. 27, pg 3). The Court agrees with the defendants that plaintiff's numerous filings belie his claim that he was unable to respond to the show cause order in this matter.

The Court also notes that on May 13, 2016, the plaintiff filed a "Notification to Court of Late Filing (and request for reconsideration of dismissal of complaints if dismissed for failure to prosecute.) Such notice is not a proper filing and a request for reconsideration of dismissal should be properly brought by separate motion (which plaintiff had already done on May 11, 2016.) The notification states that the plaintiff's mail, which contained his objections to the report and recommendation, was returned for "used stamps" and that the prison staff was interfering with his legal mail. As stated above, there is no pending report and recommendation in this matter and the plaintiff's notification is moot.

Taking into account all of the relevant circumstances of plaintiff's recent incarceration, the length of and reason for the delay, the potential impact on judicial proceedings, and whether the plaintiff acted in good faith, the Court finds that the Plaintiff has not demonstrated excusable neglect.

Based on the foregoing, Defendants' Motion to Strike Plaintiff's Objections (Doc. 27) to a Report and Recommendation is **GRANTED** and Plaintiff's Objection (Doc. 25) is

---

[1] The Court may take judicial notice of other federal proceedings if the proceedings related to the matter at bar. *See Green v. Warden, U.S. Penitentiary,* 699 F.2d 364 (7th Cr. 1983).

**STRICKEN**.  Plaintiff's Motion (Doc. 24) to Motion for Reconsideration of Dismissal pursuant to Federal Rule of Civil Procedure 60(b)(1) is **DENIED.**  The Plaintiff's Notification (Doc. 26) is **DENIED** as moot.

    **IT IS SO ORDERED.**

    **DATED:** 7/12/2016

                                 *s/J. Phil Gilbert*
                                 **J. PHIL GILBERT**
                                 **DISTRICT JUDGE**